Filed 8/12/25  P. v. Loquellano CA2/8
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br> ANTHONY SALVADOR LOQUELLANO,<br><br>        Defendant and Appellant. | B330399<br><br>(Los Angeles County<br>Super. Ct. No. NA008359-01) |

APPEAL from a post judgment order of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

On October 4, 2024, we reversed the trial court's order denying appellant Anthony Salvador Loquellano's petition for resentencing under Penal Code section 1172.6.[1]  On December 11, 2024, the California Supreme Court granted the People's petition for review and ordered further action in the matter deferred pending disposition of a related issue in *People v. Patton* (2023) 89 Cal.App.5th 649, S279670.  (See Cal. Rules of Court, rule 8.512(d)(2).)  On July 16, 2025, the Supreme Court transferred the matter to us with directions to vacate our decision and reconsider the cause in light of *People v. Patton* (2025) 17 Cal.5th 549.  (Cal. Rules of Court, rule 8.528(d).)

We now vacate our prior decision and affirm the trial court. In denying Loquellano's petition, the trial court found that the record of conviction, including the preliminary hearing transcript, establishes that Loquellano was tried and convicted as the actual perpetrator of the murder of Bill Miske.  As the actual killer, Loquellano was not entitled to relief under section 1172.6.  (§ 189, subd. (e)(1).)  As suggested by both parties, we remand the cause to the trial court with directions to permit Loquellano to file an amended petition under section 1172.6 within 30 days of this order, if he chooses to do so.  (*People v. Patton, supra*, 17 Cal.5th at pp. 569–570; *People v. Glass* (2025) 110 Cal.App.5th 922, 930.)

---

[1]     Undesignated statutory references are to the Penal Code.

## DISPOSITION

The order of the trial court is affirmed.  The matter is remanded to the trial court to permit Loquellano to amend his petition for resentencing within 30 days of this order.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.


I concur:


WILEY, J.


VIRAMONTES, J.